IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MELBA E. JOHNSON,     :
            :
    Plaintiff,     :
            :
  v.         :   CIVIL ACTION NO.
            :   1:05-CV-0884-JOF
GALAXY HOMES, INC., et al.,  :
            :
    Defendants.   :

## OPINION AND ORDER

This matter is before the court on Defendant McCall Group's motion to dismiss [8-1] or for a more definite statement [8-2] and Defendants FirstCity Bank and FirstCity Mortgage's motion to dismiss [9-1] or for a more definite statement [9-2].

I.  **Statement of the Case**

  **A.**  **Procedural History**

On April 1, 2005, Plaintiff, Melba E. Johnson, filed this action against Defendants, Galazy Homes, Inc. ("Galaxy"), The McCall Group, Inc. ("McCall"), FirstCity Bank ("FC Bank"), and FirstCity Mortgage ("FC Mortgage"). Plaintiff alleges that all Defendants are liable for violating Section 8 of the Real Estate Settlement Procedures Act ("RESPA"), civil conspiracy, and fraud. Further, Plaintiff claims that Defendants FC Bank and FC Mortgage are liable under O.C.G.A. § 7-1-1013. In her complaint, Plaintiff seeks to set forth causes of

action against Defendant Galaxy for breach of contract, breach of warranty, and attorney's fees pursuant to O.C.G.A. § 13-6-11.   Finally, Plaintiff brings a claim of misrepresentation against Defendant McCall.   Plaintiff's complaint seeks punitive damages and injunctive relief.[1]    On June 20, Defendant McCall filed a motion to dismiss or for a more definite statement.   The next day Defendants FC Bank and FC Mortgage also filed a motion to dismiss or for a more definite statement.

### B.    Facts

On May 30, 2004, Plaintiff went to Defendant Galaxy's place of business as she was interested in finding a tract of land on which she could build a home.  Cmplt., ¶ 10.  Defendant Galaxy directed Plaintiff to contact Morgan Capital, LLC, about the availability of land in Meriwether County on which she could build a modular home.   Cmplt., ¶ 12.   Defendant Galaxy also directed Plaintiff to contact Defendant FC Mortgage so that she might obtain a loan for the purchase of a modular home from Defendant Galaxy.  Cmplt. ¶ 13.  On June 5, 2004, Plaintiff entered into a contract with Morgan Capital, LLC, for the purchase of a parcel of land.   Cmplt., ¶ 14.   On June 29, 2004, Plaintiff entered into a new construction purchase and sale contract with Defendant Galaxy for the construction of a modular home on the tract of land.  Cmplt., ¶ 16.  The same day Plaintiff met with the branch manager for Defendant FC

---

[1] In her complaint Plaintiff sought to prevent the Bank from foreclosing on the subject property.  The parties in their briefing note that such foreclosure has already taken place.  Thus the issue is now moot.

AO 72A
(Rev.8/82)

Mortgage and executed a loan origination agreement by virtue of which Plaintiff agreed to apply for a mortgage loan from a participating lender with which Defendant FC Mortgage contracted. Cmplt., ¶¶ 20-21. Defendant FC Mortgage subsequently directed Plaintiff to contact Defendant FC Bank for the purposes of obtaining a loan. Cmplt., ¶ 22. In July 2004, Plaintiff met with a representative of Defendant FC Bank regarding Plaintiff's loan application. Cmplt., ¶ 23. Defendant FC Bank represented that the initial construction loan would be converted to permanent financing for the completed dwelling by Defendant FC Bank to cover the purchase price of the land and the modular home. Cmplt., ¶ 24. On July 21, 2004, Plaintiff executed an application for a loan from Defendant FC Bank. Cmplt., ¶ 25. In connection with the loan, Defendant McCall performed an appraisal of the proposed modular home construction and site. Cmplt., ¶ 26. Based upon Defendant McCall's appraisal, Plaintiff's application for credit was approved. Cmplt., ¶ 31. Because of the approval of the application for credit, the Construction Agreement made between Plaintiff and Defendant Galaxy became a binding contract. The closing of Plaintiff's loan occurred on July 22, 2004. Cmplt., ¶ 33. At closing, the settlement statement included among the settlement charges an origination fee in the amount of $1,650.00 for Defendant FC Mortgage and an origination fee in the amount of $1,650.00 for Defendant FC Bank.

### C.   Contentions

With regard to Plaintiff's RESPA claim, she states that Defendants FC Mortgage and FC Bank, through their extraction of exorbitant and duplicated fees, violated the prohibition

on unearned fees outlined in 12 U.S.C. § 2607. Cmplt., ¶ 45. Further, Defendants FC Mortgage, FC Bank, Galaxy, and McCall collectively violated the prohibition on kickbacks outlined in Section 8 of RESPA. Cmplt., ¶ 46.

With regard to her fraud and misrepresentation claim, Plaintiff alleges Defendant Broker [FC Mortgage] misrepresented the type and terms of the loan which Plaintiff would apply for and receive from Defendant [FC] Bank. Cmplt., ¶ 53. Plaintiff also makes the following allegations: Defendant McCall misrepresented the value of the proposed construction of Plaintiff's home with knowledge that the appraisal would be relied upon in the provision of funds from Defendant [FC] Bank for the purchase of the home. Cmplt., ¶ 55. Defendant [FC] Bank misrepresented its intention of converting Plaintiff's initial construction loan into permanent financing to enable Plaintiff to pay the contract price for the home to Defendant Galaxy. Cmplt., ¶ 56. Said misrepresentations were made by these Defendants with knowledge of their falsity, reckless disregard for the truth, and utter indifference toward the consequences of their conduct. Cmplt., ¶¶ 58-60. Said misrepresentations were made with the intention of inducing Plaintiff to act thereon in entering into purchase and lending transactions which were oppressive and immoral. Cmplt., ¶ 61. Plaintiff justifiably relied on the misrepresentations of the Defendant. Cmplt., ¶ 62. As a direct consequence of the misrepresentations and conduct of these Defendants, Plaintiff has been damaged in an amount to be proven at trial. Cmplt., ¶ 63. Defendant Bank and Defendant Broker [FC Mortgage] misrepresented material facts and made false promises likely to induce Plaintiff to apply for

4

and take a loan from Defendant [FC] Bank in violation of O.C.G.A. § 7-1-1013(6). Cmplt., ¶ 65. Defendant McCall misrepresented the value of Plaintiff's proposed construction with knowledge that the representation would be relied upon by Plaintiff in closing the transaction. Cmplt., ¶ 88.

Each Defendant contends that Plaintiff's complaint should be dismissed for (1) failure to state a claim under RESPA, (2) failure to plead fraud with particularity as required by Fed. R. Civ. P. 9(b), (3) failure to state a claim of fraud, and (4) failure to state a claim of conspiracy. Defendant McCall contends that Plaintiff's complaint should also be dismissed for failure to state a claim of misrepresentation. Defendants FC Mortgage and FC Bank contend that Plaintiff's complaint ought to be dismissed for failure to state a claim of violation of O.C.G.A. § 7-1-1013.

5

## II.     Discussion

### A.     RESPA

Section 8 of the RESPA provides in a pertinent part:

(a) Business referrals
No person shall give and no person shall accept any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or a part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person.

(b) Splitting charges
No person shall give and no person shall accept any portion, split, or percentage of any charge made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed.

12 U.S.C.A. § 2607(a) and (b).

"Congress passed RESPA in order to reduce the costs consumers pay to settle their real estate transactions." *Sosa v. Chase Manhattan Mortgage Corp.*, 348 F.3d 979, 981 (11th Cir. 2003). "One of the abusive practices that Congress sought to eliminate through the enactment of RESPA was the payment of referral fees, kickbacks, and other unearned fees." *Id.* (citing S. Rep. No. 93-866 (1974), *reprinted in* 1974 U.S.C.C.A.N. 6546, 6551). "Subsection 8(a) contains the general prohibition on making payments pursuant to any referral fee arrangement.   Subsection 8(b) attempts to close any loopholes by prohibiting any person from giving or accepting any part of a fee unless services were actually performed." *Id.*

With respect to Plaintiff's complaint against Defendants FC Bank and FC Mortgage, Plaintiff claims that these Defendants, through their extraction of exorbitant and duplicated

6

fees, violated the prohibition on unearned fees outlined in 12 U.S.C. § 2607. Cmplt., ¶ 45. The only allegation in the complaint that the court can find to support this claim is the fact that FC Mortgage and FC Bank each charged an origination fee in the amount of $1,650.00. In her complaint, Plaintiff makes no claim that these fees were for the same service. As both of the corporations preformed services for Plaintiff, the court presumes that these charges are for each Defendant's services individually. Needless to say, the Defendants and the court need some clarification as to what this charge in Plaintiff's complaint refers. Therefore, the court GRANTS Defendants' motion for a more definite statement in regard to Plaintiff's RESPA claim against FC Mortgage and FC Bank individually.

The parties agree that subsection 8(a)'s prohibition on making payments pursuant to any referral fee arrangement requires a showing of (1) a payment of a thing of value, (2) made pursuant to an agreement to refer settlement business, and (3) the referral must actually occur. 12 U.S.C.A. § 2607 (a); *see also Culpepper v. Inland Mortgage Corp.*, 132 F.3d 692, 695-96 (11th Cir. 1998), *rev'd on other grounds*, 305 F.3d 157 (11th Cir. 2002).

This prohibition on referral fees is also contained in the implementing regulations issued by the Department of Housing and Urban Development ("HUD"). *See* Regulation X, 24 C.F.R. § 3500.14(b). Regulation X defines a thing of value as:

> d) Thing of value. This term is broadly defined in section 3(2) of RESPA (12 U.S.C. 2602(2)). It includes, without limitation, monies, things, discounts, salaries, commissions, fees, duplicate payments of a charge, stock, dividends, distributions of partnership profits, franchise royalties, credits representing monies that may be paid at a future date, the opportunity to participate in a

7

money-making program, retained or increased earnings, increased equity in a
parent or subsidiary entity, special bank deposits or accounts, special or unusual
banking terms, services of all types at special or free rates, sales or rentals at
special prices or rates, lease or rental payments based in whole or in part on the
amount of business referred, trips and payment of another person's expenses,
or reduction in credit against an existing obligation.  The term "payment" is used
throughout §§ 3500.14 and 3500.15 as synonymous with the giving or receiving
any "thing of value" and does not require transfer of money.

In her complaint Plaintiff has not identified any payments of value that any of
Defendants have received pursuant to an agreement to refer settlement business.  Plaintiff's
statement that anything of value can be learned during discovery is not persuasive.

As the court understands the pleadings, the only thing of value that Plaintiff can identify
at this stage in the litigation is "the opportunity for each Defendant to participate in this
moneymaking scheme."  Pltf. Resp. to Def. FC Bank and FC Mortgage's Mot. to Dismiss at
7.  What the court is unable to discern from the pleadings is how Defendants actually would
make money in this alleged fraudulent scheme.  Therefore, the court GRANTS Defendants'
motion for a more definite statement as to Plaintiff's RESPA claim.  Plaintiff must allege that
Defendants received something of value for referrals; otherwise Plaintiff's RESPA claim fails
as a matter of law.

8

**B.     Fraud**

Defendants also argue that Plaintiff's claims of fraud and negligent misrepresentation should be dismissed for failing to plead with particularity.   As the fraud, O.C.G.A. § 7-1-1013 and misrepresentation claims in the Complaint all seem to concern the same actions by the Defendants, the court will address them together.

Rule 9(b) provides that, in all averments of fraud, "the circumstances constituting fraud or mistake shall be stated with particularity."   This rule exists not only to alert defendants to the specific misconduct with which they are charged, but also to protect defendants "against spurious charges of immoral and fraudulent behavior." *Ziemba v. Cascade Intern., Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (internal quotations omitted). As the same substantive legal principles apply to claims of fraud and negligent misrepresentation under Georgia law, *see Artzner v. A&A Exterminators, Inc.*, 242 Ga. App. 766, 771-72 (Ga. Ct. App. 2000), the court finds that applying the specificity requirements of Rule 9(b) to Plaintiff's negligent misrepresentation claim is appropriate.

The Eleventh Circuit has held that Rule 9(b) may be satisfied in one of two ways. First, the rule is satisfied

> if the complaint sets forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each statement and the person responsible for making (or, in the case of omissions, not making it) same, and (3) the content of such statements and the manner in which they misled plaintiff, and (4) what defendants obtained as a consequence of the fraud.

9

*Ziemba*, 256 F.3d at 1202 ( internal citations and quotes omitted).[2]   Rule 9(b) may also be

satisfied through "alternative means."   *United States ex rel. Clausen v. Laboratory Corp.*,

290 F.3d 1301, 1310 n.18 (11th Cir. 2002).   A complaint that fails to describe particularized

fraudulent acts can still comply with Rule 9(b) if it can be read together with other documents

in the record to establish specific allegations of fraud.   *See Durham v. Business Mgmt.*

*Assocs.*, 847 F.2d 1505, 1512 (11th Cir. 1988) (finding 9(b) satisfied where the complaint,

combined with an affidavit, detailed specific instances of letters containing the alleged fraud);

*see also Clausen*, 290 F.3d at 1310 n.18 ( noting that in "alternative means" cases such as

*Durham*, "this Court has found challenged complaints -- read together with other documents

in the record -- to be sufficient").   Failure to comply with the requirements of Rule 9(b) is

grounds for dismissal.   *Clausen*, 290 F.3d at 1310.

      With regard to FC Mortgage and FC Bank, the only allegedly fraudulent statements

concern misrepresentations by Defendant Broker [FC Mortgage] about the type and terms of

the loan which Plaintiff would apply for and receive from Defendant [FC] Bank and Defendant

[FC] Bank misrepresenting its intention of converting Plaintiff's initial construction loan into

permanent financing to enable Plaintiff to pay the contract price for the home to Defendant

Galaxy.   Cmplt., ¶¶ 53, 56.   In no part of the Complaint does the Plaintiff state the exact

---

[2] The court is aware, however, that Rule 9(b) must be read in conjunction with Rule 8 of the Federal Rules of Civil Procedure, and that the heightened pleading requirements for fraud should not be interpreted in a manner that would abrogate the basic concept of notice pleading. *Friedlander v. Nims*, 755 F.2d 810, 813 n.3 (11th Cir. 1985).

statements made, who made these statements, or when they were made.  Nor has she attached documents to the Complaint which provide such details.  Therefore, the court finds that Plaintiff has failed to plead these allegations with the requisite specificity required by Rule 9(b).

Plaintiff contends that within her complaint were the numerous inferences about the fraudulent conduct and culpability of Defendants FC Mortgage and FC Bank.  This argument fails.  The whole purpose of particularity requirements is to require plaintiffs to allege specifically the fraudulent statements, as opposed to inferences, for which they are seeking relief.  Were this court to allow Plaintiff's complaint to proceed on inferences of fraud, it would be eviscerating Rule 9(b).

With regard to Defendant McCall's allegedly fraudulent acts, Plaintiff has stated that Defendant McCall misrepresented the value of the proposed construction of Plaintiff's home with knowledge that the appraisal would be relied upon in the provision of funds from Defendant Bank for the purchase of the home.  Cmplt., ¶ 55.  What Plaintiff failed to allege in her complaint was how such statements misled Plaintiff, as opposed to other parties.  At no point in her complaint did Plaintiff allege that she relied on the appraisal or even knew of its existence.  As it was not prepared for her, the court cannot infer that she even saw it prior to the deal being consummated.  Nor does the complaint state what Defendant McCall obtained as a result of its allegedly fraudulent appraisal.  Greater specificity is needed in order

11

to satisfy Rule 9(b).   *See Ziemba*, 256 F.3d at 1202.   Therefore, the court GRANTS Defendants' motion for a more definite statement as to Plaintiff's fraud claims.

As the Plaintiff must file an amended complaint pursuant to the court's granting of Defendants' motions for a more definite statement, the court finds it premature to address Defendants' motions to dismiss for failure to state a claim at this juncture.   Therefore, the court DENIES WITH LEAVE TO RENEW Defendants' motions to dismiss.

**III.**   **Conclusion**

The court GRANTS Defendant McCall Group's motion for a more definite statement [8-2] and Defendants FirstCity Bank and FirstCity Mortgage's motion for a more definite statement [9-2].   The court DENIES WITH LEAVE TO RENEW Defendant McCall Group's motion to dismiss [8-1] and Defendants FirstCity Bank and FirstCity Mortgage's motion to dismiss [9-1].

**IT IS SO ORDERED** this 17th day of March 2006.

_____s/ J. Owen Forrester_____
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

12